Eugene T. Cullen, Esq. Village Attorney, Kings Point
You have asked whether under section 128 of the Alcoholic Beverage Control Law a police commissioner of a village may hold an interest in a hotel that will acquire a liquor license.
You have informed us that the police commissioner seeks to become a limited partner in a hotel venture to be located about 100 miles from the village where he serves as commissioner, in a different town and county. You feel that there is no relationship between the village police department and the town where the hotel would be located and, therefore, believe that it was not intended that section 128 cover this situation.
Section 128 provides that it is unlawful for a police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official of any police department in the State, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. Police commissioners of villages (Village Law, §3-308[2]) clearly fall within the coverage of this provision.
Section 128 does not by its terms require that the prohibited interest be located in the same political subdivision in which the police officer or in this case police commissioner serves. It is immaterial for purposes of this prohibition that the police commissioner's interest in alcoholic beverages is located outside the village and even in a different county (1953 Op Atty Gen [Inf] 132).
We note that section 128 includes within its prohibition both direct or indirect interests in the manufacture or sale of alcoholic beverages. Thus, a limited partnership interest is covered.
We conclude that a village police commissioner is prohibited from holding an interest in a hotel, to be located in a different county, which would sell alcoholic beverages.